UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDAL HEEB, an individual; and SHIRLEY ANN MERCHANT, an individual, | Case No. 1:19-cv-00190-BLW |
| | **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | |
| v. | |
| WHIPPLE, INC., VIRTUAL DESIGN CONCEPTS, LLC, and JASON WHIPPLE, an individual, | |
| Defendants. | |
| WHIPPLE, INC., | |
| Counterclaimants, | |
| v. | |
| RANDAL HEEB, an individual; and SHIRLEY ANN MERCHANT, an individual, | |
| Counterdefendants. | |

## INTRODUCTION

Before the Court is Plaintiffs' Motion to Amend the Complaint. Dkt. 41.

Plaintiffs seek to include a claim for punitive damages against individual

Defendant Jason Whipple ("Whipple"). Defendants have not opposed the Motion.

For the reasons explained below, the Court will grant the Motion.

## BACKGROUND

On May 23, 2019, Plaintiffs filed their Complaint against Defendants

alleging claims of breach of contract, breach of implied covenant of good faith and

fair dealing, breach of the implied warranty of workmanship, breach of implied

warranty of habitability, breach of express warranty, unjust enrichment, fraud, and

a violation of the Idaho Consumer Protection Act. *See* Dkt. 1. Plaintiffs' claims

arise from a residential construction dispute where they allege Defendants did not

construct the residence subject to the plans and specifications in the construction

agreement or in a timely manner.

Plaintiffs' fraud claim is specifically against Whipple. *See* Dkt. 1 at 19-21.

They claim he "contrived and executed a scheme to overcharge [Plaintiffs] by

inflating his invoices above the amount subcontractors were actually paid and

pocketing the difference" and made representations to Plaintiffs that were

knowingly false. *Id*. at 20. Plaintiffs further claim that they entered into the

construction agreement based on Whipple's false statements. *Id*. at 21.

On August 25, 2020, this Court held summary judgment proceedings and

determined that there exists triable issues of fact as to Plaintiffs' fraud claim

against Whipple. *See* Dkt. 40 at 45-46. Based on the Court's decision at summary

judgment, Plaintiffs now seek to amend their Complaint to add a claim for punitive

damages against Whipple.

## ANALYSIS

Under Idaho Code § 6-1604(2), "[i]n all civil actions in which punitive

damages are permitted, no claim for damages shall be filed containing a prayer for

relief seeking punitive damages." However, a party may amend the pleadings to

include a prayer for relief seeking punitive damages by way of pretrial motion after

a hearing before the court. *Id*. "The court shall allow the motion to amend the

pleadings if, after weighing the evidence presented, the court concludes that, the

moving party has established. . .a reasonable likelihood of proving facts at trial

sufficient to support an award of punitive damages." *Id*. It is well established that

punitive damages may be awarded when fraud has been proven. *See Walston v.

Monumental Life Ins. Co*., 923 P.2d 456, 466 (Idaho 1996).

During summary judgment proceedings, this Court determined that issues of

fact exist sufficient to submit the fraud claim to a jury and denied summary

judgment as to the fraud claim. *See* Dkt. 40 at 45-46. Therefore, Plaintiffs have

established a "reasonable likelihood of proving facts at trial" sufficient to support a

claim of punitive damages. If the jury finds Whipple liable for fraud, punitive

damages are explicitly available under § 6-1604(2). Accordingly, the Motion will

be granted.

## ORDER

**IT IS ORDERED that:**

1.      Plaintiff's Motion to Amend the Complaint (Dkt. 41) is **GRANTED**.


DATED: May 4, 2021

B. Lynn Winmill
U.S. District Court Judge